UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HASSELL B. MARTIN, III,                                :

    Plaintiff,                                        :

    vs.                                                : No. 3:09cv01833(MRK)(WIG)

MICHAEL J. ASTRUE,                                     :
Commissioner of the Social Security Administration,
                                                                                  :

    Defendant.
------------------------------------------------------------------------X

## RULING ON PLAINTIFF'S MOTION TO SEAL [DOC. # 10]

Plaintiff has moved this Court, pursuant to D. Conn. L. Civ. R. 5(e), for permission to file under seal an unredacted copy of Plaintiff's Memorandum in Support of Plaintiff's Motion for an Order Reversing the Decision of the Commissioner or, in the Alternative, Motion for Remand for a Rehearing. As required by the Local Rule, Plaintiff filed a redacted copy of the Memorandum and provided the Court with an unredacted copy of same. Defendant has objected to the Motion on the ground that Plaintiff has not demonstrated good cause for sealing the relevant documents.

Local Rule 5(e)(3) provides in relevant part that "[a]ny . . . order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." In this case, Plaintiff urges the Court to seal the unredacted Memorandum because it contains "sensitive personal information, including her [sic] date of birth, education, work history, medical information, and testimony of witnesses about her [sic] personal information and her [sic] medical information. Plaintiff's personal information and medical information is critical to the Court and essential to

1

making a decision on the merits of Plaintiff's claims, but is of little or no legitimate use to anyone who is not a party to this case.  Plaintiff asks that the Court recognize Plaintiff's desire to keep her [sic] sensitive personal information private by sealing her [sic] Memorandum." (Pl.'s Mot. at 1.)

There is no question that Plaintiff's personal and medical information is critical to the Court's review of the Commissioner's decision.  There is also no question that sealing is not necessary to protect the disclosure of Plaintiff's date of birth, social security number, and the names of minor children, as Fed. R. Civ. P. 5.2(a) already provides that such information may be redacted without further order of the Court. Moreover, Social Security cases are afforded special treatment under Fed. R. Civ. P. 5.2(c), which limits remote, electronic access to the case file to the parties and their attorneys due in part to the prevalence of sensitive information.  See Advisory Comm. Note to Rule 5.2 (2007).  Any other person may only access the full record at the courthouse.  Fed. R. Civ. P. 5.2(c).  Thus, a significant amount of protection to a Social Security plaintiff's privacy is already provided by the Federal Rules.

The critical issue in this case is whether Plaintiff has made a particularized showing through clear and compelling reasons why specific portions of his Memorandum should be redacted and filed under seal.  In Crossman v. Astrue, No. 3:08cv1823(MRK), Judge Kravitz denied a plaintiff's motion to seal the entire memorandum and appendix filed in support of her motion to reverse and/or remand but gave her leave to file another motion to seal "specifying precisely what she wishes to be kept under seal and making a particularized showing of good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection." (Ruling and Order dtd. Nov. 12, 2009 at 10.)

In this case, while Plaintiff has specified precisely what he wants to be kept under seal by virtue of his redacted filing, the Court finds that he has not made a particularized showing of good cause for sealing all of the unredacted portions of his Memorandum. Plaintiff has redacted every reference in his Memorandum to his medical history concerning his back problems, his age, his education, and his work history, yet he has made no showing as to why this information is so highly sensitive that it should be sealed. See Raulerson v. Massanari, 25 Fed. App'x 589, 594 (9th Cir. 2001) (holding that plaintiff's bare assertion that opening her file to the public violated her privacy was not sufficient to warrant sealing); Haworth v. Astrue, No. EDCV 08-1192-SJO, 2009 WL 1393678, at *1 n. 2 (C.D.Cal. May 14, 2009) (holding that plaintiff's conclusory request did not meet the "compelling reasons" standard nor the "good cause" standard); Wong v. Astrue, No. C 08-02432, 2008 WL 2323860, at *1 (N.D. Cal. May 20, 2008) (denying motion to seal where plaintiff failed to show good cause or compelling reasons for sealing); cf., Desmond v. Astrue, 660 F. Supp. 2d 329, 333 n. 12 (D. Conn. 2009) (allowing the plaintiff to file a brief under seal where it referred to highly sensitive medical and psychiatric information).

Indeed, a quick review of other Social Security disability appeals filed by Plaintiff's counsel in the past several years reveals that virtually the same motion to seal, using the same boilerplate language and the same rationale for sealing, was filed in almost every other case. See, e.g., Agostini v. Astrue, No. 3:08cv1523 [Doc. # 11]; LeDonne v. Astrue, No. 3:08cv1525 [Doc. # 18]; Donaldson-Rudd v. Astrue, No. 3:08cv1626 [Doc. # 11]; Palozie v. Astrue, No. 3:08cv1655 [Doc. # 16]; Crossman v. Astrue, No. 3:08cv1823 [Doc. # 34]; Concepcion v. Astrue, No. 3:09cv1376 [Doc. # 17]; Makowski v. Astrue, No. 3:09cv1258 [Doc. # 12]; Burgos

v. Astrue, No. 3:09cv1216 [Doc. # 12]; Jackson v. Astrue, No. 3:09cv866 [Doc. # 13]; King v. Astrue, No. 3:09cv100 [Doc. # 22]. Clearly, not every one of these cases contains the same degree of sensitive information that would warrant a "narrowly tailored" sealing order, sealing specific unredacted portions of the brief. This blanket, boilerplate approach contravenes the spirit and requirements of Local Rule 5(e)(3) of a particularized showing that sealing is necessary, supported by clear and compelling reasons.

Thus, the Court finds that Plaintiff's Motion to Seal should be denied for failure to comply with the requirements of Local Rule 5(e)(3).

Additionally, the Government complains about the voluminous appendices attached to Plaintiff's Memorandum, which consist primarily of copies of unpublished opinions issued by both Magistrate and District Judges of this Court. The Court agrees that there is no reason to attach copies of most of these cases, regulations, and rulings. Some cases are cited for well-accepted principles, such as the standard of review, that have been repeatedly cited in published decisions of the Second Circuit and this District. Others are recommended rulings of Magistrate Judges, which do not indicate if the recommended ruling was ever approved and adopted by the District Judge. See Fed. R. Civ. P. 72(b)(3); D. Conn. L. Civ. R. 72.2. Other attachments consist of regulations or Social Security Rulings, which are readily available to the Court on Westlaw and Lexis. While the Court appreciates that Plaintiff may have provided these in an effort to assist the Court, there is simply no reason to include these voluminous filings with every memorandum. Thus, unless a particular Judge requires that such cases, regulations, and rulings be attached, the Court would discourage the filing of these voluminous appendices, which should result in a cost-savings to both counsel and his clients.

Accordingly, the Court denies Plaintiff's Motion to Seal without prejudice to refiling if Plaintiff can make a particularized showing that specific portions of his Memorandum should be redacted and that there are clear and compelling reasons for these unredacted portions of the Memorandum to be filed under seal.

SO ORDERED, this   19th   day of April, 2010, at Bridgeport, Connecticut.


          /s/ *William I. Garfinkel*
      WILLIAM I. GARFINKEL
      United States Magistrate Judge